Francisco **MENDOZA–MARTINEZ,**
Plaintiff,

v.

William P. **ROGERS,** Attorney General
of the United States, Defendant.

**No. 1314–ND.**

United States District Court
S. D. California, N. D.

Oct. 18, 1960.

Laughlin E. Waters, U. S. Atty.,
Richard A. Lavine and James R. Dooley,
Asst. U. S. Attys., Los Angeles, Cal., for
William P. Rogers, Atty. Gen.

DiGiorgio & Davis, by Thomas R.
Davis, Bakersfield, Cal., for Francisco
Mendoza-Martinez.

JERTBERG, District Judge.

## Findings of Fact

### I.

The plaintiff, Francisco Mendoza-Martinez, is a resident of the City of Delano,
County of Kern, State of California, and
is within the jurisdiction of this Court.

### II.

The defendant, William P. Rogers, is
the duly appointed, qualified and acting
Attorney General of the United States,
and as such is the head of the Department of Justice.

### III.

Plaintiff was born in the United States
on March 3, 1922, and thus was a citizen
and national of the United States at
birth.

1

#### IV.

The father and mother of the plaintiff were at the time of the birth of the plaintiff citizens and nationals of Mexico; under the Constitution and Laws of Mexico plaintiff is now and ever since his birth has been a citizen of the Republic of Mexico by virtue of his parentage and without regard to his place of birth; the foregoing finding is intended to be solely and exclusively a recitation as to the law of Mexico according to its Constitution and Statutes and it is not intended to carry with it any other or broader connotation.

#### V.

During 1942 plaintiff departed from the United States and went to Mexico for the sole purpose of evading and avoiding training and service in the Armed Forces of the United States.

#### VI.

Plaintiff had resided in the United States from the date of his birth up to the time of his departure from the United States as set forth in Finding of Fact V above.

#### VII.

Plaintiff remained in Mexico continuously from sometime during 1942 until on or about November 1, 1946 for the sole purpose of evading and avoiding training and service in the Armed Forces of the United States.

#### VIII.

On June 23, 1947, plaintiff, upon his plea of guilty, was convicted in the United States District Court for the Southern District of California, Northern Division, for violation of Section 11 of the Selective Training and Service Act of 1940, as amended [1]; plaintiff's Exhibits A and B, being respectively a copy of the indictment and of the judgment and commitment, are true and correct copies of the original documents.

#### IX.

Plaintiff was sentenced to imprisonment for a period of one year and one day and thereafter served said sentence.

#### X.

On February 3, 1953, a warrant of arrest in deportation proceedings was served upon the plaintiff. Pursuant to this warrant, a deportation hearing was held on May 25, 1953; and on September 11, 1953, the special inquiry officer who presided at the hearing rendered his decision, ordering that plaintiff be deported from the United States as an alien.

#### XI.

Plaintiff appealed the decision of the special inquiry officer to the Board of Immigration Appeals, United States Department of Justice, and on October 23, 1953, said Board dismissed plaintiff's appeal.

### Conclusions of Law

#### I.

This Court has jurisdiction over the subject matter of the within action under the provisions of Section 360(a) of the Immigration and Nationality Act, 66 Stat. 273, 8 U.S.C.A. § 1503(a).

#### II.

■ Argyle R. Mackey, The Commissioner of Immigration and Naturalization is not a proper party to the within action, and the action as to him should be dismissed.

#### III.

■ The defendant is not estopped, by virtue of the criminal indictment and conviction of the plaintiff for draft evasion, or for any other reason, from asserting that the plaintiff has lost his United States nationality and citizenship under the terms and provisions of Section 401(j) of the Nationality Act of 1940, a 1944 Amendment.[2]

#### IV.

■ Section 401(j) of the Nationality Act of 1940, a 1944 Amendment, under which defendant claims the plaintiff lost his United States nationality and citizenship, is unconstitutional, both on its face and as applied to the plaintiff herein.

---

1. Now 50 U.S.C.A.Appendix, § 462.

2. Now 8 U.S.C.A. § 1481(a) (10).

## V.

The plaintiff is now, and ever since the date of his birth has been, a national and citizen of the United States; and judgment should be entered accordingly.

### Judgment

In accordance with foregoing Findings of Fact and Conclusions of Law, it is ordered, adjudged, and decreed:

1. That the within action be, and the same is hereby dismissed as to the defendant, Argyle R. Mackey, The Commissioner of Immigration and Naturalization, only;

2. That Section 401(j) of the Nationality Act of 1940, a 1944 Amendment, is unconstitutional both on its face and as applied to the plaintiff herein;

3. That the plaintiff is now, and ever since the date of his birth has been, a national and citizen of the United States.